PATTERSON, Chief Judge.
K.M.B. (the mother) appeals from the final order terminating her parental rights to her three children. We reverse and remand for further proceedings.
In June 1999, the Department of Children and Families (the Department) filed a petition to terminate the mother’s parental rights to her two-year-old son, D.W., and her five-month-old daughter, M.B. The petition also sought to terminate the parental rights of M.B.’s father, W.B. Thereafter, in *40 March 2000, the mother and W.B. had another baby, D.B., who was immediately sheltered. The Department filed an amended petition addressing all three children in April 2000.
In its petition, the Department alleged that on May 5, 1999, the mother had inflicted multiple instances of physical abuse on D.W. and M.B. at a Wal Mart Store in Lakeland. The Department alleged that the mother was observed mistreating her baby by knocking over the baby’s stroller, causing the baby to fall on the floor, swinging the baby around by one arm as if she were a “rag doll,” shaking her, slamming her onto the hood of a car, and placing her on the hot pavement in the parking lot. The mother was also observed slapping her two-year-old son and knocking him into a glass door.
The trial court denied the petition as to W.B. and gave W.B. custody of his two children, M.B. and D.B. The trial court placed the oldest child, D.W., with his father, A.W. The trial court terminated the mother’s parental rights to all the children based upon subsections 39.806(l)(c) and (f), Florida Statutes (1999). Section 39.806(l)(c) provides for the termination of rights when the parent’s conduct toward a child demonstrates that the parent’s continuing involvement with the child would endanger the child’s life, safety, well-being, or physical, mental, or emotional health. Section 39.806(1)© permits a trial court to terminate a parent’s rights based on one incident when the parent engages in egregious conduct or fails to prevent egregious conduct that threatens the life, safety, or physical, mental, or emotional health of the child. The statute specifically states that “[e]gregious conduct may include an act or omission that occurred only once but was of such intensity, magnitude, or severity as to endanger the life of the child.” § 39.806(l)(f)2, Fla. Stat. (1999).
The trial court’s decision to terminate the mother’s parental rights was based entirely on the one incident at Wal-Mart. However, “because parental rights constitute a fundamental liberty interest, the state must establish in each case that termination of those rights is the least restrictive means of protecting the child from serious harm.” Padgett v. Dep’t of Health & Rehab. Servs., 577 So.2d 565, 571 (Fla.1991). Although the trial court in this case was justified in removing the children from the mother’s custody to protect their safety and well-being, the court erred in failing to consider the least restrictive means of protecting the children from harm. See In re K.C.C., 750 So.2d 38 (Fla. 2d DCA 1995). The children were placed in the custody of their natural fathers and, thus, removed from any danger they may have been in while living with the mother. The Department did not prove that termination was the only option to protect the children. The mother was never given the opportunity to establish that she could safely maintain a relationship with her children on a limited basis.
The record shows that subsequent to the Wal-Mart incident, the mother made every attempt to comply with the requirements imposed upon her and interacted well with the children in a supervised environment. The Department counselor who supervised visitation between the mother and the children testified that the mother had interacted appropriately with them. She stated that the mother’s attitude was cooperative and positive, that the mother had completed parenting classes, that she intended to take anger management classes, and that she had stable employment and a stable residence. The guardian ad litem testified that the mother had persevered in taking parenting classes and getting a psychological evaluation in the face of obstacles, such as the lack of trans *41 portation. The guardian ad litem did not recommend termination of the mother’s parental rights as to the oldest child, D.W., because the child was very attached to his mother. In addition, the mother’s family and friends testified that she was a good mother and that they were surprised when they heard the reports of the incident at Wal-Mart. These record facts do not support a finding that the children’s health and well-being would be endangered by limited, supervised contact with the mother while the children are in the care and custody of their fathers.
Accordingly, because the termination of the mother’s parental rights to D.W., M.B., and D.B. was premature, we reverse the termination order.
Reversed.
PARKER and DAVIS, JJ., Concur.